## MOULTRIE INDEPENDENT TELEPHONE COMPANY, Petitioner,

v.

## FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents.

No. 01–1506.

United States Court of Appeals, District of Columbia Circuit.

March 4, 2003.

Before TATEL and GARLAND, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This case was considered on the record from the Federal Communications Commission and the briefs of the parties. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. *See* FED. R. APP. P. 36; D.C. CIR. R. 36(b). It is

**ORDERED and ADJUDGED** that Moultrie's petition be denied. Moultrie asserts that it had a legitimate business purpose for its sale-and-leaseback arrangement but neither documents its cost savings nor challenges the Commission's finding that it apparently engaged in the transaction for the sole purpose of manipulating its subsidy levels as unsupported by substantial evidence. *Contemporary Media, Inc. v. FCC,* 214 F.3d 187, 194 (D.C.Cir.2000). It also fails to demonstrate that the Commission's interpretation of 47 C.F.R. § 36.2(c)(2) as applying to such gaming is plainly erroneous or inconsistent with the text of the regulation. *MCI Worldcom Network Servs. Inc. v. FCC,* 274 F.3d 542, 547 (D.C.Cir.2001). The company's showing on cost savings is inadequate to demonstrate that section 36.2(c)(2) is arbitrary and capricious as applied to incumbent local exchange carriers for cost allocation purposes in the modern competitive environment. *Southwestern Bell Corp. v. FCC,* 896 F.2d 1378, 1381 (D.C.Cir.1990) (FCC may adopt prophylactic rules based on its past experience regulating complex asset transfers between affiliated companies, even if the rules prevent certain favorable transactions). Moreover, Moultrie made no attempt to show that a limited prophylactic rule applying only to affiliate transactions where the risk of manipulation is highest is unreasonable as applied to the high-cost loop program or beyond the scope of the FCC's authority in administering that program. *Cf. id.* (involving the Commission's authority to set cost allocation rules).

Moultrie has waived its arguments concerning procedural irregularities, the Regulatory Flexibility Act, 5 U.S.C. § 601 *et seq.,* and the Small Business Regulatory Enforcement Fairness Act of 1996, Pub.L. No. 104–121, 110 Stat. 847 (1996). *See* 47 U.S.C. § 405(a); *Benkelman Tel. Co. v. FCC,* 220 F.3d 601, 607 n. 10 (D.C.Cir. 2000). Having reviewed its other argu-

ments and found them without merit, we deny the petition.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. RULE 41.